UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FR8 ZONE, INC., | Civ. Action No. 20-5560 (ES) (MAH) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| ALL JAYS ENTERPRISES, INC., et al., | |
| Defendants. | |

This matter comes before the Court by way of Plaintiff's failure to respond to this Court's July 14, 2021 Order to Show Cause. Order to Show Cause, Jul. 14, 2021, D.E. 29. Pursuant to Federal Rule of Civil Procedure 78, this matter has been considered on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's claims and enter default against Plaintiff and in favor of Defendants on Defendants' counterclaims against Plaintiff.

### I.     Background

On May 5, 2021, Plaintiff FR8 Zone, Inc. filed a Complaint against Defendants All Jay's Enterprises, Cappy's Brothers Transport, Inc., and Joseph T. Capriglione alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) demand for accounting, and (4) conversion. *See* Complaint, D.E. 1, ¶¶75-99. On June 24, 2021, Plaintiff filed an Amended Complaint inserting a count of tortious interference with prospective economic advantage and prospective contractual and business relationships. *See* Amended Complaint, D.E. 9, at ¶¶96-100. Defendants thereafter filed an Answer and Counterclaims against Plaintiff for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3)

conversion, and (4) specific performance. *See* Answer and Counterclaims, Jul. 17, 2020, D.E. 13.

On April 7, 2021, Plaintiff's counsel moved to withdraw. In support of the motion, Plaintiff's counsel represented that there existed a significant and aged accounts receivable for which professional services were rendered to Plaintiff but not paid. Declaration of Counsel, Christopher D. Adams, Apr. 7, 2021, D.E. 26 ("Adam Declaration"), ¶2. Counsel informs the Court that discussions were had with Mr. Michael Cohen, managing member of Plaintiff, regarding payment of fees, and as a result of those discussions Plaintiff's counsel had no reasonable expectation that receivables could be paid or that prospective fees could be paid. *Id*.

The Court held a hearing on Plaintiff's counsel's motion to withdraw on April 29, 2021. *See* Order, Apr. 30, 2021, D.E. 28. On April 30, 2021, the Court granted Plaintiff's counsel's motion. *See* D.E.28. The Court further ordered that because Plaintiff is a corporation new counsel for Plaintiff would be required to enter an appearance on or before June 14, 2021 and, if no duly admitted counsel entered an appearance on behalf of Plaintiff, the Court would issue an Order to Show Cause as to why Plaintiff's claims should not be dismissed, and enter default against Plaintiff on Defendant's counterclaims. *Id*.

On July 14, 2021, the Undersigned issued an Order to Show Cause directing Plaintiff to "show cause, in writing, which this Court must receive by **August 4, 2021,** why the Court should not dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 41 for failure to prosecute them, and pursuant to Fed. R. Civ. P. 16(f) for failure to appear at the July 14, 2021 conference and failure of new counsel to appear on behalf of the corporate plaintiff, and why the Court should not enter default against Plaintiff and in favor of Defendant on Defendant's counterclaims against Plaintiff, pursuant to Fed. R. Civ. P. 55." *See* Order to Show Cause, July 14, 2021, D.E. 29. This Court

also advised Plaintiff that its failure to respond "may result in dismissal of Plaintiff's claims and entry of default against Plaintiff and in favor of Defendant on Defendant's counterclaims." *Id.* This Court also instructed Defendants' counsel to serve a copy of the Order on Plaintiff at its last known address or registered agent for service on or before July 19, 2021, and file a certification attesting to same on or before July 26, 2021. *Id.* On July 23, 2021, Defendants filed the required certification of service. *See* D.E. 30.

As of the date of this Report and Recommendation, Plaintiff has failed to respond to the Order to Show Cause or seek any extension of time to respond. Nor has Plaintiff contacted the Court to inquire into the status of this action.

## II.     Legal Analysis

**A.     Standards for Dismiss under Federal Rule of Civil Procedure 41(b), 37(b)(2)**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute of defend a case. *See* Fed. R. Civ. P. 41(b). Under Rule 41(b), dismissal of Plaintiff's claims may be appropriate for failure to "prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 41(c) (stating that Rule 41 also applies to dismissal of counterclaims, crossclaims, or third-party claims.). However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors articulated by the Third Circuit in *Poulis v. State Farm Casualty Co.,* 747 F.2d 863 (3d Cir. 1984) in deciding whether to strike a pleading or dismiss an action all together. Specifically, the Court must consider: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 3d Cir. 2002)

(applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also OPTA Systems, LLC v. Daewoo Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). Although not all of these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### B. Consideration of the *Poulis* Factors

#### i. The extent of the party's personal responsibility

In the instant case, Plaintiff's failure to comply with court rules and court orders appears to be solely its own doing. The record reflects that Plaintiff has failed to take the basic action necessary to litigate this matter. Plaintiff, a corporation has failed to retain counsel and have an appearance entered in this matter on or before June 14, 2021. Plaintiff has also failed to appear in response to the Court's Order requiring it to show cause, in writing, by August 4, 2021, as to why the Court should not dismiss its claims pursuant to Fed. R. Civ. P. 41. As a result, this case has been brought to a virtual standstill with no indication that Plaintiff intends to prosecute its claims or defend itself against Defendants' counterclaims. Accordingly, the Undersigned can

conclude only that Plaintiff does not intend to further litigate this matter and has willfully chosen to abandon this suit. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced the Defendant. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke v Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims). In this case, Plaintiff's inactivity and failure to comply with the Court's Orders has prejudiced Defendants. This case is only a year old but has been brought to a virtual standstill due to Plaintiff's failure to participate in this matter. Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether it has acted in bad faith. Since March 24, 2021, Plaintiff has, by all appearances, abandoned this litigation. Indeed, since the Court granted Mr. Adam's motion to withdraw as counsel on April 30, 2021, Plaintiff has not contacted the Court or opposing counsel, nor has any new counsel entered an appearance on behalf of Plaintiff in this matter. The record before the Court establishes that Plaintiff has made no effort to comply with its obligations in this litigation, or to request additional time to retain new counsel, or to explain

5

to the Court and Defendants' counsel its inability to litigate this matter. Accordingly, this factor also favors dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal for several reasons. First, Plaintiff's failure to comply with the Court's Orders, or explain its inability to do so, strongly suggests that Plaintiff has abandoned its claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In this case, there is no plausible reason to believe that any such fine or attorney's fees would spur Plaintiff to resume actively litigating this case particularly given representations by Plaintiff's prior counsel that he had no reasonable expectation that receivables could be paid or that prospective fees could be paid. Adam Declaration, D.E. 26, at ¶2.

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendants' defenses and counterclaims. However, Plaintiff's failure to respond to the Court's Orders, to appear on April 29, 2021, to show cause, in writing by August 4, 2021, why the Court should not dismiss its claims pursuant to Fed. R. Civ. P. 41, or otherwise communicate with the Court or Defendants' counsel, renders this analysis impossible. Therefore, this factor is neutral.

## III. Conclusion

On balance, the pertinent *Poulis* factors weigh in favor of dismissal of Plaintiff's claims and entry of default in Defendants' favor on its counterclaims against Plaintiff. Therefore, the

Undersigned respectfully recommends that Plaintiff's Complaint be stricken pursuant to Rule 41(b), its claims dismissed, and default entered in Defendants' favor on their counterclaims.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

Date:   August 24, 2021